BURTON v. GREIF ET AL.

*Executors and administrators — Final account approved — False payment of debts — Subsequent action not barred, when.*

The settlement of the final account of an executor or administrator, which shows a false payment of a debt against the estate, no such debt having existed, is no bar to a subsequent action against such executor or administrator for the recovery of such money by one who is legally entitled thereto.

(Decided March 3, 1919.)

ERROR: Court of Appeals for Cuyahoga county.

*Messrs. Bartholomew, Leeper & McGill* and *Miss Florence E. Allen,* for plaintiff in error.

*Messrs. Fackler & Woods,* for defendants in error.

WASHBURN, J.  In January, 1918, Katherine Kurz Burton filed a petition in the common pleas court, in which she alleged that she was entitled, as residuary legatee, to a certain part of the estate of Katherine Hoffman, of which estate the defendant, William Greif, was the executor; that said executor in 1904 and 1905 wrongfully misapplied funds of said estate, and for the purpose of deceiving plaintiff and the probate court in reference to such misapplication of funds, filed an account in 1906 in the probate court in which he falsely and fraudulently took credit for having paid a debt against the estate, which did not exist, by which means funds of the estate belonging to plaintiff were wrongfully and fraudulently diverted and lost; that said account was duly approved by the probate court in December, 1906; and that plaintiff did not discover said fraud until 1917.  The prayer of the petition is for judgment for damages caused by said fraud.

There are four other causes of action of a somewhat similar nature set forth in the petition.

To this petition a demurrer was filed for the reasons, as stated therein, that it appeared on the face of the petition: first, that the court had no jurisdiction of the subject of the action; second, that several causes of action were improperly joined; third, that the action was not brought within the time limit for the commencement of such action; and, fourth, that the petition did not state facts sufficient to constitute a cause of action.

The court below overruled the demurrer as to the second and third grounds, and sustained the demurrer as to the first and fourth, and it appear-

ing that the plaintiff did not desire to amend or plead further judgment was rendered in favor of the defendant.

That judgment is now before this court for review on error proceedings duly prosecuted by the plaintiff below.

We fail to see wherein the petition does not state a cause of action to recover damages for a fraud practiced by the defendant. The only claim made in this behalf, so far as we can see, is that insomuch as the petition alleged that the fraudulent account was approved by the probate court no right of action could grow out of the transaction until the account was attacked and set aside. This contention gives to the approval of the account an altogether too all-embracing and conclusive character. The approval of such an account is not an adjudication of the rights of a person who has a right to a distributive share of an estate and has not been paid. The statute is merely for the purpose of perpetuating evidence of payments and is not intended as a means by which a right to receive payments is adjudicated.

"The settlement of the final account of an executor or administrator showing the payment of money to a person not entitled thereto, is no bar to a subsequent action against him for the recovery of the money by one who is legally entitled to the same." *Banning, Exr.,* v. *Gotshall, Admr.,* 62 Ohio St., 210.

Especially would this be so where it was claimed that the executor filing the account practiced a fraud not only upon the plaintiff but also upon the probate court.

We see nothing in the mere approval of the account which prevents an action to recover damages for the fraud practiced upon the plaintiff and the court, by means of which the approval of said account was obtained and the property of the plaintiff misapplied, and, if a cause of action is stated, we do not see how there could be any question about the common pleas court having jurisdiction to try the case.

We think the court below was right in its ruling on the question of the statute of limitations. The statute does not begin to run until the discovery of the fraud, which the petition alleges was discovered in 1917, and the petition was filed in January, 1918; and likewise the court was right in overruling the demurrer based on the ground that several causes of action were improperly joined.

For error in sustaining the demurrer on the first and fourth grounds thereof, and in rendering judgment for the defendant, the judgment is reversed and the cause remanded.

*Judgment reversed, and cause remanded.*

DUNLAP and VICKERY, JJ., concur.